■ In the Matter of the Claim of CARL WEYZK, Also Known as CARL STEPHENS, Respondent, against TOWN OF STAFFORD et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board which charged the carrier with liability and discharged the Special Fund for Reopened Cases. In January, 1940 claimant sustained an industrial accident and was paid compensation at the rate of $9.23 a week. It is said in respondent's brief that this rate was for total disability but we can find no such proof in the record. The board found in connection with the award appealed from that claimant was partially disabled from the accident of January, 1940. On April 27, 1942 the original claim and case was settled and closed with a lump-sum award to the claimant in the amount of $3,000. Subsequently and in July, 1947 the claim was reopened on claimant's application for further medical treatment. No award however was made on the reopening. On May 4, 1954

claimant again applied for a reopening which was granted, and on April 1, 1957 the board made the award appealed from for disability over a period of 25½ weeks from October 31, 1954 to April 13, 1955, at the same rate as originally paid of $9.23 a week. In discharging the Special Fund the board panel, which consisted of the same members who signed the formal findings, said in a memorandum decision " The medical evidence in the record shows that there was a continuing partial disability. Claimant's average weekly wage before the accident was $13.85. A reduced earnings rate of $8.00 per week would not exhaust the lump sum settlement for 375 weeks, or late in 1954, so that as to the time of the application to reopen on May 4, 1954, the settlement money was not yet consumed." Appellants urge that the board's decision in establishing an $8 a week rate for the spread of the 1942 lump sum settlement was arbitrary and capricious, and contrary to section 25-a of the Workmen's Compensation Law. Respondent urges that the reduced rate was the only proper basis for measuring the extension of the lump sum settlement, and both parties cite the pertinent section of the statute (§ 25-a, subd. 7) which reads in part as follows : " where the case is disposed of by the payment of a lump sum, the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate which is warranted by the employee's earning capacity as determined by the board under section fifteen of this chapter." The point concerning which the parties argue is whether the extension of the lump sum award brings the last payment of compensation to within three years of May 4, 1954 when the application for reopening was made. The evidence as we read it indicates that if the rate of $9.23 a week is determinative during the 12-year period between the date of the lump sum settlement and the application for reopening then the last payment of compensation to claimant was paid more than three years prior to the date of the application to reopen the case. Moreover a lump sum settlement cannot be indefinitely extended by excluding weeks during which claimant worked at preinjury wages (*Matter of Primus* v. *Continental Forge & Tool Co.*, 7 A D 2d 178). We must own that we cannot follow respondent's argument to the conclusion it asserts. The board has never found anything but a partial disability so far as we can ascertain from the record. Compensation was paid for a time after 1940, and at the time the lump sum settlement was made in 1942, at the rate of $9.23. The award appealed from fixed a rate of $9.23 a week, apparently for partial disability for total disability is not mentioned anywhere in the board's findings. In the light of these facts there appears to be no evidence to sustain the board's action in finding a rate of $8 a week for the purpose of computing the extension of the lump sum settlement, and moreover such decision appears to be in conflict with the statute, which requires a computation based upon the maximum compensation rate warranted by claimant's earning capacity as determined by the board. While the board has power to fix earning capacity it cannot do so arbitrarily, without evidence to sustain it, and in disregard of findings made for other purposes on the same subject. There appear to be no cases directly in point but the circumstances and the statute support appellants' reasoning. Decision and award reversed, with costs to appellants against the Special Fund for Reopened Cases and the matter remitted to the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.